# EXHIBIT A
# PLAINTIFFS' SUMMONS AND COMPLAINT

 **CT Corporation**

**Service of Process Transmittal**
08/29/2017
CT Log Number 531845033

**TO:** Chris Dzbanski
Ford Motor Company
1 American Rd Whq 421-E6
Dearborn, MI 48126-2701

**RE:** **Process Served in California**

**FOR:** Ford Motor Company (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Paul Williams and Marcella Williams, Pltfs. vs. Ford Motor Company, et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Attachment(s), Complaint, Notice |
| **COURT/AGENCY:** | Sacramento County - Superior Court - Sacramento, CA<br>Case # 34201700217771CUBCGDS |
| **NATURE OF ACTION:** | Product Liability Litigation - Lemon Law - A 2014 Ford Focus, VIN #:1FADP3K24EL322469 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 08/29/2017 at 14:30 |
| **JURISDICTION SERVED:** | California |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service (Document(s) may contain additional answer dates) |
| **ATTORNEY(S) / SENDER(S):** | Gillian Mellon<br>Strategic Legal Practices, APC<br>1840 Century Park East, Suite 430<br>Los Angeles, CA 90067<br>310-929-4900 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 08/29/2017, Expected Purge Date: 09/03/2017<br><br>Image SOP<br><br>Email Notification, Chris Dzbanski  cdzbansk@ford.com<br><br>Email Notification, Mary Ann MacKinnon  mmackin1@ford.com |
| **SIGNED:**<br>**ADDRESS:**<br>**TELEPHONE:** | C T Corporation System<br>818 West Seventh Street<br>Los Angeles, CA 90017<br>213-337-4615 |

Page 1 of 1 / DS

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

*Oscar J. Hervery*
*8/29 2:30*

SUM-100

# SUMMONS
*(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
FORD MOTOR COMPANY; and DOES 1 through 10, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
PAUL WILLIAMS AND MARCELLA WILLIAMS

FILED / FOR COURT USE ONLY
Superior Court Of California,
Sacramento
08/21/2017
amocanu
By_____, Deputy
Case Number:
34-2017-00217771

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Sacramento Superior Court
720 9th Street
Sacramento, CA 95814

CASE NUMBER
*(Número del Caso)*

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Gillian Mellon, Esq.; 1840 Century Park East, Suite 430, Los Angeles, CA 90067; Tel: (310) 929-4900

DATE: AUG 2 1 2017         Clerk, by A. MOCANU, Deputy
*(Fecha)*                  *(Secretario)*                *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* FORD MOTOR COMPANY
   under: ☐ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): <br>— Gillian Mellon (SBN 300830) <br>STRATEGIC LEGAL PRACTICES, APC <br>1840 Century Park East, Suite 430 <br>Los Angeles, CA 90067 <br>TELEPHONE NO.: (310) 929-4900    FAX NO.: (310) 943-3838 <br>ATTORNEY FOR (Name): PAUL WILLIAMS and MARCELLA WILLIAMS | FOR COURT USE ONLY <br>**FILED** <br>Superior Court Of California, <br>Sacramento <br>08/21/2017 <br>amocanu <br>By_____, Deputy <br>Case Number: <br>**34-2017-00217771** |
|---|---|

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Sacramento
STREET ADDRESS: 720 9th Street
MAILING ADDRESS: 720 9th Street
CITY AND ZIP CODE: Sacramento, CA 95827
BRANCH NAME: Gordon D. Schaber Courthouse

CASE NAME:
Williams v. Ford Motor Company

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| ☑ Unlimited    ☐ Limited <br>(Amount            (Amount <br>demanded      demanded is <br>exceeds $25,000)  $25,000 or less) | ☐ Counter  ☐ Joinder <br>Filed with first appearance by defendant <br>(Cal. Rules of Court, rule 3.402) | JUDGE: <br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☑ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition (not specified above) (43)

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a.☑ monetary  b.☐ nonmonetary; declaratory or injunctive relief  c.☑ punitive
4. Number of causes of action (specify): seven (7)
5. This case ☐ is ☑ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: August 16, 2017
Gillian Mellon
_____                  ▶ /s/ Gillian Mellon
(TYPE OR PRINT NAME)                                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use <br>Judicial Council of California <br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; <br>Cal. Standards of Judicial Administration, std. 3.10 <br>www.courtinfo.ca.gov |


COPY

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in Item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
  Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
      Wrongful Death
  Product Liability *(not asbestos or toxic/environmental)* (24)
  Medical Malpractice (45)
    Medical Malpractice–
      Physicians & Surgeons
    Other Professional Health Care
      Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip
      and fall)
    Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
    Intentional Infliction of
      Emotional Distress
    Negligent Infliction of
      Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business
    Practice (07)
  Civil Rights (e.g., discrimination,
    false arrest) *(not civil harassment)* (08)
  Defamation (e.g., slander, libel)
    (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
      *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)

**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease
      Contract *(not unlawful detainer or wrongful eviction)*
    Contract/Warranty Breach–Seller
      Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
      Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
      Case
  Insurance Coverage *(not provisionally complex)* (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
  Eminent Domain/Inverse
    Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
      Case Matter
    Writ–Other Limited Court Case
      Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims
    *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of
      County)
    Confession of Judgment *(non-domestic relations)*
    Sister State Judgment
    Administrative Agency Award
      *(not unpaid taxes)*
    Petition/Certification of Entry of
      Judgment on Unpaid Taxes
    Other Enforcement of Judgment
      Case

**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-harassment)*
    Mechanics Lien
    Other Commercial Complaint
      Case *(non-tort/non-complex)*
    Other Civil Complaint
      *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
  Partnership and Corporate
    Governance (21)
  Other Petition *(not specified above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
      Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
      Claim
    Other Civil Petition

CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Page 2 of 2

Jacob Cutler (SBN 264988)
Email: jcutler@slpattorney.com
Gillian Mellon (SBN 300830)
Email: gmellon@slpattorney.com
1840 Century Park East, Suite 430
Los Angeles, CA 90067
Telephone: (310) 929-4900
Facsimile: (310) 943-3838

Attorneys for Plaintiffs PAUL WILLIAMS
And MARCELLA WILLIAMS

FILED
Superior Court Of California,
Sacramento
08/21/2017
amocanu
By_____, Deputy
Case Number:
34-2017-00217771

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SACRAMENTO

| | |
|---|---|
| PAUL WILLIAMS and MARCELLA WILLIAMS,<br><br>Plaintiffs,<br><br>vs.<br><br>FORD MOTOR COMPANY, and DOES 1 through 10, inclusive,<br><br>Defendants. | Case Nos.:<br><br>Hon.<br>Dept.:<br><br>**COMPLAINT FOR VIOLATION OF STATUTORY OBLIGATIONS**<br><br>JURY TRIAL DEMANDED |

STRATEGIC LEGAL PRACTICES, APC
1840 CENTURY PARK EAST, SUITE 430, LOS ANGELES, CA 90067

**COMPLAINT; JURY TRIAL DEMANDED**

Plaintiffs allege as follows:

## PARTIES

1. As used in this Complaint, the word "Plaintiffs" shall refer to Plaintiffs PAUL WILLIAMS and MARCELLA WILLIAMS.

2. Plaintiffs are residents of Auburn, California.

3. As used in this Complaint, the word "Defendant" shall refer to all Defendants named in this Complaint.

4. Defendant Ford Motor Company is a corporation organized and in existence under the laws of the State of Delaware with a principal place of business in Palo Alto, Californi and registered with the California Department of Corporations to conduct business in California. At all times relevant herein, Defendant was engaged in the business of designing, manufacturing, constructing, assembling, marketing, distributing, and selling automobiles and other motor vehicles and motor vehicle components in Sacramento County.

5. Plaintiffs are ignorant of the true names and capacities of the Defendants sued under the fictitious names DOES 1 to 10. They are sued pursuant to Code of Civil Procedure section 474. When Plaintiffs becomes aware of the true names and capacities of the Defendants sued as DOES 1 to 10, Plaintiffs will amend this Complaint to state their true names and capacities.

6. To the extent there are any statutes of limitation applicable to Plaintiffs' claim—including, without limitation, his express warranty, implied warranty, Magnuson-Moss and fraudulent omission claims—the running of the limitation periods have been tolled by equitable tolling, class action tolling (e.g. *American Pipe* rule) in the matter of *Vargas et al v. Ford Motor Company*, (U.S. District Court, Case No. 2:12-cv-08388), the discovery rule, fraudulent concealment rule, equitable estoppel, equitable tolling and/or repair rule.

//
//
//
//

# FIRST CAUSE OF ACTION
## BY PLAINTIFF AGAINST DEFENDANT
### VIOLATION OF SUBDIVISION (D) OF CIVIL CODE SECTION 1793.2

7. In or around March 17, 2017, Plaintiffs purchased a 2014 Ford Focus vehicle identification number 1FADP3K24EL322469, (hereafter "Vehicle") which was manufactured and or distributed by Defendant. The Vehicle was purchased or used primarily for personal, family, or household purposes. Plaintiffs purchased the Vehicle from a person or entity engaged in the business of manufacturing, distributing, or selling consumer goods at retail.

8. In connection with the purchase, Plaintiffs received an express written warranty in which Defendant undertook to preserve or maintain the utility or performance of the Vehicle or to provide compensation if there is a failure in utility or performance for a specified period of time. The warranty provided, in relevant part, that in the event a defect developed with the Vehicle during the warranty period, Plaintiffs could deliver the Vehicle for repair services to Defendant's representative and the Vehicle would be repaired.

9. During the warranty period, the Vehicle contained or developed defects, including but not limited to: defects relating to the Vehicle's transmission; defects causing transmission to jerk on acceleration; defects causing the vehicle to shudder; defects requiring reprogramming of the transmission control module; defects requiring an adaptive relearn; defects relating to the Vehicle's clutch; and defects requiring replacement of the Vehicle's clutch. Said defects substantially impair the use, value, or safety of the Vehicle.

10. Defendant and its representatives in this state have been unable to service or repair the Vehicle to conform to the applicable express warranties after a reasonable number of opportunities. Despite this fact, Defendant failed to promptly replace the Vehicle or make restitution to Plaintiff as required by Civil Code section 1793.2, subdivision (d) and Civil Code section 1793.1, subdivision (a)(2).

11. Plaintiffs have been damaged by Defendant's failure to comply with its obligations pursuant to Civil Code section 1793.2, subdivision (d) and Civil Code section

1793.1, subdivision (a)(2), and therefore brings this cause of action pursuant to Civil Code section 1794.

12. Plaintiffs suffered damages in a sum to be proven at trial that exceeds $25,000.

13. Defendant's failure to comply with its obligations under Civil Code section 1793.2, subdivision (d) was willful, in that Defendant and its representative were aware that they were unable to service or repair the Vehicle to conform to the applicable express warranties after a reasonable number of repair attempts, yet Defendant failed and refused to promptly replace the Vehicle or make restitution. Accordingly, Plaintiff is entitled to a civil penalty of two times Plaintiffs' actual damages pursuant to Civil Code section 1794, subdivision (c).

14. Defendant does not maintain a qualified third-party dispute resolution process which substantially complies with Civil Code section 1793.22. Accordingly, Plaintiff is entitled to a civil penalty of two times Plaintiffs' actual damages pursuant to Civil Code section 1794, subdivision (e).

15. Plaintiffs seek civil penalties pursuant to section 1794, subdivisions (c), and (e) in the alternative and does not seek to cumulate civil penalties, as provided in Civil Code section 1794, subdivision (f).

## SECOND CAUSE OF ACTION
## BY PLAINTIFF AGAINST DEFENDANT
## VIOLATION OF SUBDIVISION (B) OF CIVIL CODE SECTION 1793.2

16. Plaintiffs incorporate by reference the allegations contained in the paragraphs set forth above.

17. Although Plaintiffs presented the Vehicle to Defendant's representative in this state, Defendant and its representative failed to commence the service or repairs within a reasonable time and failed to service or repair the Vehicle so as to conform to the applicable warranties within 30 days, in violation of Civil Code section 1793.2, subdivision (b). Plaintiffs did not extend the time for completion of repairs beyond the 30-day requirement.

3

**COMPLAINT; JURY TRIAL DEMANDED**

18.  Plaintiffs have been damaged by Defendant's failure to comply with its obligations pursuant to Civil Code section 1793.2(b), and therefore brings this Cause of Action pursuant to Civil Code section 1794.

19.  Plaintiffs have rightfully rejected and/or justifiably revoked acceptance of the Vehicle, and has exercised a right to cancel the purchase. By serving this Complaint, Plaintiffs do so again. Accordingly, Plaintiffs seek the remedies provided in California Civil Code section 1794(b)(1), including the entire contract price. In the alternative, Plaintiffs seek the remedies set forth in California Civil Code section 1794(b)(2), including the diminution in value of the Vehicle resulting from its defects. Plaintiffs believe that, at the present time, the Vehicle's value is *de minimis*.

20.  Defendant's failure to comply with its obligations under Civil Code section 1793.2(b) was willful, in that Defendant and its representative were aware that they were obligated to service or repair the Vehicle to conform to the applicable express warranties within 30 days, yet they failed to do so. Accordingly, Plaintiffs are entitled to a civil penalty of two times Plaintiffs' actual damages pursuant to Civil Code section 1794(c).

### THIRD CAUSE OF ACTION
### BY PLAINTIFF AGAINST DEFENDANT
### VIOLATION OF SUBDIVISION (A)(3) OF CIVIL CODE SECTION 1793.2

21.  Plaintiffs incorporate by reference the allegations contained in paragraphs set forth above.

22.  In violation of Civil Code section 1793.2, subdivision (a)(3), Defendant failed to make available to its authorized service and repair facilities sufficient service literature and replacement parts to effect repairs during the express warranty period. Plaintiffs have been damaged by Defendant's failure to comply with its obligations pursuant to Civil Code section 1793.2(a)(3), and therefore brings this Cause of Action pursuant to Civil Code section 1794.

23.  Defendant's failure to comply with its obligations under Civil Code section 1793.2, subdivision (a)(3) was wilful, in that Defendant knew of its obligation to provide literature and replacement parts sufficient to allow its repair facilities to effect repairs during

the warranty period, yet Defendant failed to take any action to correct its failure to comply with the law. Accordingly, Plaintiffs are entitled to a civil penalty of two times Plaintiffs' actual damages; pursuant to Civil Code section 1794(c).

## FOURTH CAUSE OF ACTION
## BY PLAINTIFF AGAINST DEFENDANT
## BREACH OF EXPRESS WRITTEN WARRANTY
## (CIV. CODE, § 1791.2, SUBD. (a); § 1794)

24. Plaintiffs incorporate by reference the allegations contained in paragraphs set forth above.

25. In accordance with Defendant's warranty, Plaintiffs delivered the Vehicle to Defendant's representative in this state to perform warranty repairs. Plaintiffs did so within a reasonable time. Each time Plaintiffs delivered the Vehicle, Plaintiffs notified Defendant and its representative of the characteristics of the Defects. However, the representative failed to repair the Vehicle, breaching the terms of the written warranty on each occasion.

26. Plaintiffs have been damaged by Defendant's failure to comply with its obligations under the express warranty, and therefore brings this Cause of Action pursuant to Civil Code section 1794.

27. Defendant's failure to comply with its obligations under the express warranty was willful, in that Defendant and its authorized representative were aware that they were obligated to repair the Defects, but they intentionally refused to do so. Accordingly, Plaintiffs are entitled to a civil penalty of two times Plaintiffs' actual damages pursuant to Civil Code section 1794(c).

## FIFTH CAUSE OF ACTION
## BY PLAINTIFF AGAINST DEFENDANT
## BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY
## (CIV. CODE, § 1791.1; § 1794)

28. Plaintiffs incorporate by reference the allegations contained in the paragraphs set forth above.

29. Pursuant to Civil Code section 1792, the sale of the Vehicle was accompanied by Defendant's implied warranty of merchantability. Pursuant to Civil Code section 1791.1, the duration of the implied warranty is coextensive in duration with the duration of the express written warranty provided by Defendant, except that the duration is not to exceed one-year.

30. Pursuant to Civil Code section 1791.1 (a), the implied warranty of merchantability means and includes that the Vehicle will comply with each of the following requirements: (1) The Vehicle will pass without objection in the trade under the contract description; (2) The Vehicle is fit for the ordinary purposes for which such goods are used; (3) The Vehicle is adequately contained, packaged, and labelled; (4) The Vehicle will conform to the promises or affirmations of fact made on the container or label.

31. At the time of purchase, or within one-year thereafter, the Vehicle contained or developed the defects set forth above. The existence of each of these defects constitutes a breach of the implied warranty because the Vehicle (1) does not pass without objection in the trade under the contract description, (2) is not fit for the ordinary purposes for which such goods are used, (3) is not adequately contained, packaged, and labelled, and (4) does not conform to the promises or affirmations of fact made on the container or label.

32. Plaintiffs have been damaged by Defendant's failure to comply with its obligations under the implied warranty, and therefore brings this Cause of Action pursuant to Civil Code section 1794.

### SIXTH CAUSE OF ACTION
### BY PLAINTIFF AGAINST DEFENDANT
### VIOLATION OF THE MAGNUSON-MOSS WARRANTY ACT

33. Plaintiffs incorporates by reference the allegations contained in the paragraphs set forth above.

34. Plaintiffs are a "consumer" as defined in the Magnuson-Moss Warranty Act (referred to as "Mag-Moss"), 15 U.S.C. § 2301(3).

35. Defendant is a "supplier" and "warrantor" as defined in the Mag-Moss Act, 15 U.S.C. § 2301(4), 15 U.S.C. § 2301(5).

36. The Vehicle is a "consumer product" as defined in the Mag-Moss Act, 15 U.S.C. § 2301(1).

37. In addition to the express warranty, in connection with the sale of the Vehicle to Plaintiffs, an implied warranty of merchantability was created under California law. The Vehicle's implied warranties were not disclaimed using a Buyer's Guide displayed on the Vehicle; thus any purported disclaimers were ineffective pursuant to 15 U.S.C. § 2308(c).

38. Defendant violated the Mag-Moss Act when it breached the express warranty and implied warranties by failing to repair the defects and nonconformities, or to replace the Vehicle.

39. Plaintiffs have also met all of Plaintiff's obligations and preconditions to bring this claim, or alternatively it would have been futile for Plaintiff to do so.

40. In addition, Plaintiffs have met all of Plaintiffs' obligations for bringing this claim as provided in the written warranties, or alternatively, Defendant does not maintain an informal dispute resolution process for the purpose of resolving claims for breach of the implied warranty of merchantability, and does not maintain an informal dispute resolution process for resolving express warranty claims that complies with the requirements of 15 U.S.C. § 2310(a) and the rules and regulations adopted pursuant thereto by the Federal Trade Commission.

41. As a direct and proximate result of the acts and omissions of the Defendant, Plaintiffs have been damaged in the form of general, special and actual damages in an amount within the jurisdiction of this Court, according to proof at trial.

42. Under the Act, Plaintiffs are entitled to reimbursement of the entire amount paid or payable.

43. Plaintiffs are entitled to all incidental, consequential, penalties, and general damages resulting from Defendant's failure to comply with their obligations under the Mag-Moss Act.

44. Plaintiffs are entitled under the Mag-Moss Act to recover as part of the judgment a sum equal to the aggregate amount of costs and expenses, including attorney's

fees, reasonably incurred in connection with the commencement and prosecution of this action pursuant to 15 U.S.C. § 2310(d)(2).

### SEVENTH CAUSE OF ACTION
### BY PLAINTIFF AGAINST DEFENDANT
### (Fraud by Omission)

45. Plaintiffs hereby incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

46. Plaintiffs purchased the Vehicle as manufactured with Defendant's dual clutch transmission (also known as "DPS6" or "Power Shift 6 Transmission").

47. Defendant committed fraud by allowing to be sold to Plaintiffs the Vehicle without disclosing that the subject vehicle and its DPS6 transmission was defective and susceptible to sudden and premature failure.

48. In particular, Plaintiffs are informed, believes, and thereon alleges that prior to Plaintiffs acquiring the subject vehicle, Ford was well aware and knew that the dual clutch transmission ("DPS6" or "Power Shift 6 Transmission") installed on the subject vehicle was defective but failed to disclose this fact to Plaintiffs at the time of sale and thereafter.[1]

49. Specifically, Ford knew (or should have known) that the Power Shift 6 Transmission had one or more defects that can result in various problems, including, but not limited to, sudden acceleration, delayed acceleration, hesitation on acceleration, jerking, shuddering on acceleration, lack of power, delayed in downshifts, transmission fluid leaks, and/or premature wear of the internal components ("transmission defect"). These conditions present a safety hazard and are unreasonably dangerous to consumers because they can suddenly and unexpectedly affect the driver's ability to control the vehicle's speed, acceleration, and deceleration.

50. Plaintiffs are informed, believes and thereon alleges that Ford acquired its knowledge of the transmission defect prior to Plaintiffs acquiring the subject vehicle, though

---

[1] Indeed, Defendant has issued various technical bulletins to its dealers (not consumers) concerning the defective DSP6 transmissions.

sources not available to consumers such as Plaintiffs, including but not limited to pre-production and post-production testing data, early consumer complaints about the transmission defect made directly to Ford and its network of dealers, aggregate warranty data compiled from Ford's network of dealers, testing conducted by Ford in response to these complaints, as well as warranty repair and part replacements data received by Ford from Ford's network of dealers, amongst other sources of internal information.

51. Plaintiffs are informed, believes, and thereon alleges that while Defendant knew about the transmission defect, and its safety risks since 2013, if not before, Defendant nevertheless concealed and failed to disclose the defective nature of the Vehicle and its DPS6 transmission to Plaintiffs at the time of sale and thereafter. Had Plaintiffs known that the subject Vehicle suffered from the transmission defect, he would not have purchased the subject vehicle.

52. Indeed, Plaintiffs allege that Defendant knew that the Vehicle and its DPS6 transmission suffered from an inherent defect, was defective, would fail prematurely, and was not suitable for its intended use.

53. Defendant was under a duty to Plaintiffs to disclose the defective nature of the Vehicle and its DPS6 transmission, its safety consequences and/or the associated repair costs because:

   a. Defendant acquired its knowledge of the transmission defect and its potential consequences prior to Plaintiffs acquiring the subject vehicle, though sources not available to consumers such as Plaintiffs, including but not limited to pre-production testing data, early consumer complaints about the transmission defect made directly to Ford and its network of dealers, aggregate warranty data compiled from Ford's network of dealers, testing conducted by Ford in response to these complaints, as well as warranty repair and part replacements data received by Ford from Ford's network of dealers, amongst other sources of internal information;

  b. Defendant was in a superior position from various internal sources to know (or should have known) the true state of facts about the material defects contained in vehicles equipped with DPS6 transmission; and

  c. Plaintiffs could not reasonably have been expected to learn or discover of the Vehicle's transmission defect and its potential consequences until well after Plaintiffs purchased the Vehicle.

54. In failing to disclose the defects in the Vehicle's DPS6 transmission, Defendant has knowingly and intentionally concealed material facts and breached its duty not to do so.

55. The facts concealed or not disclosed by Defendant to Plaintiffs are material in that a reasonable person would have considered them to be important in deciding whether or not to purchase/lease the Vehicle. Had Plaintiffs known that the Vehicle and its transmission were defective at the time of sale, he would not have purchase the Vehicle.

56. Plaintiffs are reasonable consumers who did not expect their transmission to fail and not work properly. Plaintiffs further expects and assumes that Defendant will not sell or lease vehicles with known material defects, including but not limited to those involving the vehicle's transmission and will disclose any such defect to its consumers before selling such vehicles.

57. As a result of Defendant's misconduct, Plaintiffs have suffered and will continue to suffer actual damages.

## PRAYER

PLAINTIFF PRAYS for judgment against Defendant as follows:

  a. For Plaintiffs' actual damages in an amount according to proof;

  b. For restitution;

  c. For a civil penalty in the amount of two times Plaintiff's actual damages pursuant to Civil Code section 1794, subdivision (c) or (e);

  d. For any consequential and incidental damages;

e. For costs of the suit and Plaintiffs' reasonable attorneys' fees pursuant to Civil Code section 1794, subdivision (d);

f. For punitive damages;

g. For prejudgment interest at the legal rate; and

h. For such other relief as the Court may deem proper.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demands a jury trial on all causes of action asserted herein.

Dated: August 17, 2017          STRATEGIC LEGAL PRACTICES, APC

BY: *Gillian Mellon*
GILLIAN MELLON
Attorney for Plaintiffs PAUL WILLIAMS
and MARCELLA WILLIAMS